

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X
JESSE ALSTON,

                Petitioner

    -against-                                     MEMORANDUM
                                                      AND ORDER
EPKE, Superintendent,                        10-CV-4461 (ARR)

                Respondent.
──────────────────────────────X
ROSS, United States District Judge:

On September 24, 2010, petitioner filed this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1996 Kings County New York conviction. For the reasons set forth below, the Court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit.

**Procedural Background**

On October 25, 2001, petitioner filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 challenging the same conviction challenged herein. Alston v. Portuondo, 01-CV-7319 (JBW) (E.D.N.Y., denied October 7, 2003). By Mandate issued October 26, 2004, the United States Court of Appeals for the Second Circuit denied petitioner's motion to proceed *in forma pauperis* and dismissed the appeal.

**Discussion**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F. 3d 147, 151 (2d Cir. 2003); see 28 U.S.C. § 2244(b)(3)(A).[1] Subsection (b)(3)(C) of § 2244 directs that:

───────────────

[1] 28 U.S.C. § 2244(b)(3)(A) provides that:

1

[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Therefore, petitioner must move in the United States Court of Appeal for the Second Circuit for permission to pursue this application. 28 U.S.C. § 2244 (b)(3)(A). Any motion to the Circuit must show that the new claim being raised by the instant application relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, 28 U.S.C. § 2244 (b)(2)(A); or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244 (b)(2)(B)(i-ii).

**Conclusion**

As this is petitioner's second petition for a writ of habeas corpus challenging the same conviction, this Court lacks jurisdiction to address it. Accordingly, the instant petition for a writ of habeas corpus is transferred to the United States Court of Appeals for the Second Circuit. This Order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen this case under this docket number.

SO ORDERED.

/S/
_____
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
October 4, 2010

---

[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

**Service List:**

<u>Pro Se Petitioner</u>:
Jesse Alston
98-A-5709
Watertown Correctional Facility
PO Box 168
Watertown, NY 13601-0168